UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13-CV-513-TBR

STANLEY WARRANTY, LLC                                                                                    PLAINTIFF

V.

UNIVERSAL ADMINISTRATORS                                                                             DEFENDANTS
SERVICE, INC., *et al*

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Universal Administrators Service, Inc.'s motion for summary judgment. (Docket #86). Plaintiff Stanley Warranty, LLC has responded. (Docket #90). Defendant has replied. (Docket #91). For the following reasons, Defendant's motion for summary judgment (Docket #86) is GRANTED.

## FACTUAL BACKGROUND

This action arises out of a business relationship between Plaintiff Stanley Warranty, LLC ("Stanley") and Defendant Universal Administrators Services, Inc. ("Universal"). Both Stanley and Universal are engaged in the business of selling and administering home warranties. Customers who purchased a home warranty would pay a fixed fee and Stanley or Universal would provide a repair technician for a range of homeowner repairs.

In October, 2011, Stanley approached Universal about entering into a business relationship. Under the terms of the arrangement, Stanley would market a "Safe Secure Club" to customers and Universal would administer claims submitted by customers and reimburse repair technicians. On December 6, 2011, the parties signed a Dealer Agreement. (Docket #50-2). The parties disagree about what occurred next, with each claiming the other breached the Dealer Agreement and committed various other torts.

1

Stanley alleges that in the summer of 2012 it became aware of an "atypical number of customer complaints about slow or non-existent repair service and repair reimbursements." (Docket #41). Stanley further alleges that "shortly thereafter" Stanley began receiving "technician (i.e. repair vendor) complaints about non-payment of customer invoices." (Docket #41). Stanley requested complaint information from Universal which Universal allegedly refused to provide. On April 17, 2013, Stanley terminated the Dealer Agreement. (Docket #41). Stanley asserts Universal breached the Dealer Agreement by "not performing its obligations to maintain and administer the Program, investigate, process and adjust claims, and secure insurance." (Docket #41). Stanley has asserted claims of fraud, breach of contract, breach of duty of good faith and fair dealing, defamation, and piercing the corporate veil against Universal and its CEO, Jack Wainwright. This Court previously granted Universal's motion to dismiss the claims of fraud and breach of duty of good faith and fair dealing. The Court also granted Wainwright's motion to dismiss all claims against him. (Docket #64).

Universal alleges that Stanley breached the Dealer Agreement by signing ineligible customers and providing coverage for ineligible appliances. (Docket #11). Universal also alleges that Stanley paid Gabriel Collins, the Office Manager for Universal, while he was still employed by Universal. Stanley and Collins allegedly conspired to misappropriate Universal's trade secrets, obstruct Universal's performance of its duties, and set up a competing website to divert customers who would have joined the Safe Secure Club. (Docket #11). After the Dealer Agreement was terminated, Collins resigned his position with Universal and began working for Stanley. Universal has asserted claims of breach of contract, fraud, defamation, trademark infringement, misappropriation of trade secrets, conspiracy, tortious interference with contract, breach of duty of good faith and fair dealing, unfair competition, and deceptive trade practices.

(Docket #11). The Court dismissed without prejudice Universal's claims against Stanley and Margaret Mankovsky. (Docket #64).

Stanley's sole remaining claim against Universal is for breach of the Dealer Agreement. Stanley asserts Universal breached the Dealer Agreement "repeatedly by not performing its obligations to maintain and administer the Program, investigate, process and adjust claims, and secure insurance." (Docket #41). Universal previously moved to dismiss this claim. While the Court denied that motion, it noted that Stanley "has not cited to any specific customer complaints" and said that this is a "close call." (Docket #64). Universal now moves for summary judgment arguing Stanley has produced insufficient evidence to support this claim. (Docket #86).

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of her position; she must present evidence on which the trier of fact could reasonably find for her. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render

3

summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir. 2012).

## DISCUSSION

Universal moves for summary judgment on Stanley's breach of contract claim on the grounds that Stanley has not produced sufficient evidence to support this claim.

At the summary judgment stage, the "moving party has the burden of conclusively showing that no genuine issue of material fact exists." *Lansing Dairy v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). However, the "nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997). "It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'" *Jones v. Marcum*, 197 F. Supp. 2d 991, 996 (S.D. Ohio, 2002) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The dispute must be genuine and the facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the nonmoving party." *Lansing Dairy*, 39 F.3d at 1347. "The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.'" *St. v. J.C. Bradford & Co.*, 886 F.2d 1472, 1480 (6th Cir. 1989).

Stanley presents two forms of evidence to support its claim that Universal breached the Dealer Agreement. First, Stanley states it has "identified two long term [Universal] former customer service employees as witnesses for [Stanley] who would support its claim that [Universal] makes a practice of not reimbursing customers or vendors." (Docket #90). However, Stanley has not deposed either witness or procured affidavits from either witness to

support Stanley's position. The mere identification of two witnesses who may testify and may dispute a moving party's claims is insufficient to defeat summary judgment.

Stanley second basis for opposing summary judgment is a 126-page report which purports to show customer complaints related to Universal's mishandling of claims administration. This report is accompanied by the declaration of Stanley Mankovsky, the President of Stanley Warranty, LLC.[1] Mankovsky states the report was made in the usual course of business and describes customer complaints regarding Universal. Mankovsky also claims the report was generated contemporaneously with customer complaints, although some entries "were made at later dates based upon emails with customers." (Docket #90-1). The report includes a customer's name, status, and reason for cancellation. Each "Reason for Cancellation" description is a few words long, such as "UA Related Tech no show UA" or "UA Related UA owes check." While the report is 126-pages long, Stanley has attached only the first and last page to its response.

The Court finds that this report, without more, does not raise more than a "mere scintilla of evidence" to support Stanley's claim that Universal breached the Dealer Agreement. *Cutts v. McDonald's Corp.*, 281 F. Supp. 2d 931, 933 (W.D. Mich. 2003) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). It is impossible from the report to determine whether Universal denied claims properly or without cause. Stanley has not attached any interrogatories.

---

[1] Universal argues that the report is not a valid business record and otherwise inadmissible as hearsay. (Docket #91). "[U]nauthenticated documents do not meet the requirements of Rule 56(e)." *Alexander v. CareSource*, 576 F.3d 551, 558-59 (6th Cir. 2009). However, the Court may consider evidence presented in an inadmissible form if the party presenting the evidence can show that 'she can make good on the promise of the pleadings by laying out enough evidence that will be admissible at trial to demonstrate that a genuine issue of material fact exists, and that a trial is necessary.'" (emphasis in original) *Johnson v. TG Auto. Sealing Ky., LLC*, 2011 U.S. Dist. LEXIS 144794 *14 (W.D. Ky. 2011) (*quoting Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009)).

Stanley has not attached any admissions. Stanley has not deposed any witnesses. In short, Stanley has produced no evidence, other than this two-page excerpt from the report, that supports Stanley's contention that Universal breached the Dealer Agreement. Perhaps Stanley could have easily defeated Universal's motion for summary judgment by providing affidavits from the two former long-term customer representatives from Universal, who in briefing Stanley indicated could support Stanley's claim of breach of contract. Further, the declaration of Mankovsky possibly could have provided some factual support to create a valid claim, but it did not. The Court was forced to speculate as to what Stanley's claim could be. In essence, Stanley seemed to be arguing that it has the evidence, but is has not provided this evidence. Even construing the excerpts in a light most favorable to Stanley, a reasonable juror could not conclude from the report excerpts that Universal has breached the Dealer Agreement. *In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 484 (6th Cir. 2013); *see also Whitney Nat. Bank v. Derks*, 891 F. Supp. 416, 420 (W.D. Mich. 1995) (citation omitted). Accordingly, the Court will dismiss Stanley's claim for breach of contract.

## CONCLUSION

IT IS HEREBY ORDERED that, for the foregoing reasons, Defendant's motion for summary judgment (Docket #86) is GRANTED.